UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.  02-22777-CIV-HUCK/TURNOFF

TOPP, INC., a Florida corporation,

v.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY, a foreign
Corporation and NCM AMERICAS,
INC., a foreign corporation,

     defendants.

_____/



## TOPP, INC.'S MOTION TO COMPEL DISCOVERY

Plaintiff Topp, Inc. ("Topp")[1], pursuant to Rule 26.1(H) of the Local Rules for the United States District Court for the Southern District of Florida, respectfully requests that this Court enter an order compelling the production of documents and answers to interrogatories in response to the requests for production of documents and interrogatories it has propounded upon North American Capacity Insurance Company ("North American") and NCM Americas, Inc. ("NCM")[2]. In support of this motion, Topp states as follows:

### BACKGROUND

Topp was the named insured under a credit insurance contract (the "Insurance Contract") issued by the defendants.  Under the terms of the Insurance Contract, defendants insured Topp's accounts receivables, so that when a Topp customer defaulted on an obligation, defendants

---

[1] This motion to compel addresses the objections of both defendants North American and NCM because the discovery requests at issue and the related objections are the same.

[2] Topp's Request for Production of Documents and defendants' responses are attached as Exhibit A; Topp's Interrogatories and defendants' responses are attached as Exhibit B.



would pay the customer's obligation to Topp, and proceed on its own to recover from the customer.  Topp satisfied its obligations under the Insurance Contract, but defendants have simply refused properly to honor Topp's claims, by refusing to pay them or by arbitrarily reducing them.  As a result of defendants' refusal to abide by their obligations under the Insurance Contract, Topp initiated this action for declaratory relief and damages it has incurred due to defendants' wrongful conduct.

**TOPP'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**Request No. 1:**

All documents relating to Topp.

RESPONSE:

Objection; overbroad, vague and unduly burdensome.

**Analysis:**

North American and NCM have failed to sustain the burden of their objections.  The party resisting discovery has the burden to specifically establish the basis for its objection.  *See Panola Land Buyers Assn. v. Shuman,* 762 F.2d 1550 (11th Cir. 1985); *Gober v. City of Leesburg,* 197 F.R.D. 519 (M.D. Fla. 2000); *Mackey v. IBP, Inc.,* 167 F.R.D. 186 (D. Kan. 1996).  General, blanket objections are insufficient as a matter of law to sustain this burden.  *Athridge v. Aetna Casualty and Surety Co.,* 184 F.R.D. 181, 190-91 (D.D.C. 1998); *Momah v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D. Pa. 1996); *Roesberg v. Johns-Manville Corp.,* 85 F.R.D 292, 296-297 (E.D. Pa. 1980).  Moreover, Federal Rule of Civil Procedure 26(b) sets forth the factors relevant to the court's exercise of its discretion to limit discovery, which illustrates that the mere recitation of blanket objections that the requests at issue are overbroad, vague and unduly burdensome is insufficient.  *Id.*  North American and NCM have failed to carry their

burden to demonstrate specifically how the discovery requests at issue are overbroad, vague and unduly burdensome; therefore their objections are legally insufficient and must be overruled.

Aside from the insufficiency of defendants' objections, the documents requested are plainly relevant to the instant litigation. Federal Rule of Civil Procedure 26(b)(1) provides that discovery is allowed of any matter, which is not privileged, that is relevant to the claim or defense of any party in the pending actions. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). The discovery process is designed to fully inform the parties of the relevant facts involved in their case. *See United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990).

The party resisting a discovery request ordinarily has the initial burden to show lack of relevance if the discovery appears relevant. Federal Rule of Civil Procedure 26(b), Committee Note of 2000; *Mackey*, 167 F.R.D. at 193. The burden does not shift to the requesting party to show that discovery is appropriately within the scope of Rule 26 if the objection is improperly stated. *Momah*, 164 F.R.D. at 417. Defendants' blanket objections to prevent the production of relevant documentation are insufficient as a matter of law.

This request is narrowly tailored, not unduly burdensome and requests documents that are highly relevant to this litigation. Topp has brought this action against the defendants for their breach of the Insurance Contract that they issued to Topp. All of the documents requested concern the insurance contract issued to Topp for a period of two years. The documents requested may contain probative information regarding Topp's claims history and the methods defendants used to handle such claims. Moreover, defendants have expressed, through discovery, that they intend to introduce evidence of other claims made by Topp pursuant to the Insurance Contract that are not specifically identified in the instant action. Accordingly, Topp is

entitled to inspect and copy these documents, as well as the documents relating to the claims identified in the Complaint.

**Request No. 7:**

All documents relating to the investigation of Topp's claims.

RESPONSE:

Objection; vague, ambiguous, overbroad, duplicative of other requests and seeks information protected by the work product and attorney-client privilege.

**Analysis:**

*See* Analysis to Request No. 1 above. Moreover, this request is narrowly tailored, not vague or ambiguous and requests documents that are highly relevant to this litigation. All of the documents requested concern investigations made by defendants over a two-year period. Defendants used the information gathered from these investigations to make a determination regarding the existence of insurance coverage for Topp's claims. The documents requested may contain probative information regarding Topp's claims history, the methods defendants used to handle such claims, and may provide an explanation for defendants' decision to refuse to properly honor Topp's claims, by refusing to pay them or by arbitrarily reducing them. Under these circumstances, Topp is entitled to inspect and copy the documents requested here.

Finally, to the extent that documents responsive to this request constitute attorney-client privileged communications and/or work product protected information, defendants are required to provide a privilege log as require by Federal Rule of Civil Procedure 34. *See Horton v. United States*, 204 F.R.D. 670 (D. Colo. 2002); *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999). Defendants have failed to do so; therefore, it is impossible for this Court to make a determination of whether defendants' assertion of these privileges is justified.

## TOPP'S INTERROGATORIES

### Interrogatory No. 4:

Describe all instructions provided to claims personnel by North American with regard to the handling and processing of Topp's claims.

RESPONSE:

Objection; overbroad, vague and ambiguous.

### Analysis:

*See* Analysis to Request No. 1 above. Moreover, this interrogatory is narrowly tailored, not vague or ambiguous and seeks information that is highly relevant to this litigation. The interrogatory requests that defendants provide information regarding the instructions provided by defendants to claims personnel that would allow them to handle and process the claims submitted by Topp. These instructions govern the manner in which claims personnel determine the existence of insurance coverage for Topp's claims. Florida courts have consistently held that internal claims procedures are relevant and discoverable in cases with issues of adjuster conduct and coverage interpretation, which is precisely what is at issue here. *See Scottsdale Ins. Co. v. Rickey's Restaurant, Inc.* 584 S.2d 105 (Fla. 4th DCA 1991); *Aaron v. Allstate Ins. Co.,* 559 So.2d 275 (Fla. 4th DCA 1990). Such information is relevant to the mutual obligations under the insurance policy. *Id.*

Defendants concede that the mutual obligations of the parties are relevant to this litigation. In their affirmative defenses, defendants state that Topp did not comply with certain of its obligations under the Insurance Contract. They make this bold assertion, but refuse to provide any facts to support such defenses. The information requested by this interrogatory may provide facts that would support these defenses and may also provide an explanation regarding the methods used by claims personnel to make insurance coverage decisions for Topp's claims,

5

the methods used by defendants to determine whether Topp's actions were in compliance with its obligations under the Insurance Contract, and may provide an explanation for defendants decision to refuse to properly honor Topp's claims, by refusing to pay them or by arbitrarily reducing them.   As such, defendants must be compelled to provide an answer to this interrogatory.

**Interrogatory No. 5:**

Describe all policies, procedures, guidelines, and rules regarding the processing and handling of claims.

RESPONSE:

Objection; vague, overbroad and ambiguous.

**Analysis:**

*See* Analysis to Interrogatory No. 4 above.

**Interrogatory No. 6:**

Describe what steps, if any, North American took to confirm that the processing and handling of Topp's claims were in compliance with the policies, procedures, guidelines, and rules described in your response to interrogatory no. 5 above.

RESPONSE:

Objection; overbroad, vague and ambiguous.

**Analysis:**

*See* Analysis to Interrogatory No. 4 above.

## CONCLUSION

For the reasons stated here, defendants have failed to sustain the burden of their objections.  Defendants' blanket assertion of general objections without specifically identifying the grounds upon which the objections are based is insufficient.   The discovery requested is not privileged and is highly relevant to the claims at issue in this case; therefore, defendants should

be compelled to produce documents responsive to requests numbered 1 and 7 of Topp's request for production of documents and provide responses to interrogatories 4, 5, and 6 of Topp's interrogatories.

### RULE 37(A)(2)(A) AND LOCAL RULE 26.1 (I) CERTIFICATE

Topp certifies that it has made reasonable efforts to confer with counsel for the defendants in an attempt to resolve the discovery issues raised here, but has been unable to resolve the disputed matters addressed above.

Respectfully submitted,
SULLIVAN RIVERO & CHASE, P.A.
Attorneys for Topp, Inc.
Miami Center, Suite 1450
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-7781
Facsimile:  (305) 371-6983


By: _____
ANDRES RIVERO
Florida Bar No. 613819
CHERYL L. POTTER
Florida Bar No. 0177880

## CERTIFICATE OF SERVICE

I CERTIFY that a duplicate of this motion was served by facsimile and U.S. Mail on March ___31___, 2003 upon:

James M. Kaplan, Esq.
H. Steve Vogel, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKERSON
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Fax: 305-579-0261

_____
Cheryl L. Potter

1002.19 Pleadings\Motion to Compel 3.27.03

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.  02-22777-CIV-HUCK/TURNOFF

TOPP, INC., a Florida corporation

v.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY, a foreign
Corporation and NCM AMERICAS,
INC., a foreign corporation,

      defendants.

_____/

### TOPP INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORTH AMERICAN CAPACITY INSURANCE COMPANY

Topp, Inc. ("Topp"), pursuant to Federal Rule of Civil Procedure 34, requests that defendant North American Capacity Insurance Company ("North American") produce the following documents for inspection and photocopying at the law offices of the undersigned counsel 30 days from the date of service of this First Request for Production of Documents.

## I.  DEFINITIONS

A.  The words "defendant", "you", "your", "yours", and/or "yourselves", shall mean the defendant, North American Capacity Insurance Company, or any of its officers, agents, employees, or representatives, including, but not limited to, any attorney, accountant, contractors, affiliates, consultants and subsidiary corporations, and any person or entity acting or purporting to act on its behalf.

B.  "Topp" shall mean Topp, Inc., its officers, directors, agents, representatives and employees.

1-22

C.      "Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon the relationship with other events).

D.      The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of kind, photographs, graphs, microfilms, videotapes, tape recordings, or motion pictures or other films.

E.      "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, another.

F.      "Person" shall mean an individual, corporation, proprietorship, partnership, trust, association, or any other entity.

G.    The words "relate to" shall mean: refers to, pertains to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

H.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation".

I.    The terms "third party" and "third parties" refer to individuals and/or entities that are not parties to this proceeding.

## II.  INSTRUCTIONS

A.    The documents that are the subject of this discovery request are to be produced either: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified in accordance with the particular category of documents identified by each specific request below.

B.    This Request for Production of Documents pertains to documents in your possession, custody or control.

C.    To the extent that defendant does not have possession, custody, or control of any documents identified by a particular request in part constituting this request for production of documents, please indicate the lack of possession, custody, existence, and/or control of the responsive documents in your response.

D.    This Request for Production of Documents does not apply to, nor does it purport to seek the production of, attorney-client privileged or work-product protected documents.

E.    You are under a continuous obligation to supplement your production of documents in response to this request for production.

3

F.    If any document requested here was previously in your possession, custody, or control but is no longer, state the following for each document in your response to this First Request for Production:

        1.    the type of document (i.e., correspondence, memorandum, telex, etc.);

        2.    the date of the document;

        3.    any person(s) who signed the document;

        4.    any person(s) who received the document or a copy of it;

        5.    any person(s) who is presently in possession of the document;

        6.    the substance of the document; and

        7.    the disposition of the document, including the date of disposition.

G.    If you withhold production of a document requested here on the basis of a claim of privilege or otherwise, state the following for each document withheld in a privilege log:

        1.    the type of document (i.e., correspondence, memorandum, telex, etc.);

        2.    the date of the document;

        3.    the person(s) who signed the document;

        4.    the person(s) who received the document or a copy of it;

        5.    the reason for non-production; and

        6.    the substance of the document.

### III.  RELEVANT TIME FRAME

This First Request for Production seeks all responsive documents created from July 1, 2000 to the present unless otherwise indicated.

## IV.  DOCUMENTS REQUESTED

1.      All documents relating to Topp.

2.      All documents relating to the credit insurance contract issued to Topp, including, but not limited to, invoices, payments, electronic correspondence, written correspondence, endorsements, and notices of claim.

3.      All documents relating to the processing and handling of claims by North American, including, but not limited to, documents reflecting policies and procedures, documents reflecting standards for investigation, internal memoranda, manuals, written correspondence, and electronic correspondence.

4.      All documents relating to the training of North American claims adjusters and personnel, including, but not limited to, documents reflecting policies and procedures, documents reflecting standards of investigation, internal memoranda, manuals, written correspondence, electronic correspondence, videotapes, and seminar materials.

5.      The claims file for Topp.

6.      The underwriting file for Topp.

7.      All documents relating to the investigation of Topp's claims.

8.      All documents relating to any civil, regulatory or criminal action filed or taken against North American in connection with its sale of credit insurance policies.

9.      All documents relating to any lawsuits or arbitration actions filed against North American arising out of its sale of credit insurance policies.

10.     All documents relating to any lawsuits or arbitration actions filed against North American arising out of its processing of claims on credit insurance policies.

11.    All documents relating to any lawsuits or arbitration actions filed against North American arising out of its refusal to pay claims on credit insurance policies.

Respectfully submitted,
SULLIVAN RIVERO & CHASE, P.A.
Attorneys for Topp, Inc.
Miami Center, Suite 1450
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-7781
Facsimile:  (305) 371-6983


By: _____
ANDRÉS RIVERO
Florida Bar No. 613819
CHERYL L. POTTER
Florida Bar No. 0177880

## CERTIFICATE OF SERVICE

I CERTIFY that a duplicate of this Request for Production was served by facsimile and U.S. Mail on January 22, 2003 upon:

James M. Kaplan, Esq.
H. Steve Vogel, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKERSON
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Fax: 305-579-0261

Cheryl L. Potter

1002.19 Pleadings\Req. 4 Prod. 2 N. American

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.  02-22777-CIV-HUCK/TURNOFF

TOPP, INC., a Florida corporation

v.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY, a foreign
Corporation and NCM AMERICAS,
INC., a foreign corporation,

       defendants.
_____/

### TOPP INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NCM AMERICAS, INC.

Topp, Inc. ("Topp"), pursuant to Federal Rule of Civil Procedure 34, requests that defendant NCM Americas, Inc. ("NCM") produce the following documents for inspection and photocopying at the law offices of the undersigned counsel 30 days from the date of service of this First Request for Production of Documents.

## I.      DEFINITIONS

A.      The words "defendant", "you", "your", "yours", and/or "yourselves", shall mean the defendant, NCM Americas, Inc., or any of its officers, agents, employees, or representatives, including, but not limited to, any attorney, accountant, contractors, affiliates, consultants and subsidiary corporations, and any person or entity acting or purporting to act on its behalf.

B.      "Topp" shall mean Topp, Inc., its officers, directors, agents, representatives and employees.

C.     "Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon the relationship with other events).

D.     The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of kind, photographs, graphs, microfilms, videotapes, tape recordings, or motion pictures or other films.

E.     "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, another.

F.     "Person" shall mean an individual, corporation, proprietorship, partnership, trust, association, or any other entity.

G.      The words "relate to" shall mean: refers to, pertains to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

H.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation".

I.      The terms "third party" and "third parties" refer to individuals and/or entities that are not parties to this proceeding.

## II.  INSTRUCTIONS

A.      The documents that are the subject of this discovery request are to be produced either: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified in accordance with the particular category of documents identified by each specific request below.

B.      This Request for Production of Documents pertains to documents in your possession, custody or control.

C.      To the extent that defendant does not have possession, custody, or control of any documents identified by a particular request in part constituting this request for production of documents, please indicate the lack of possession, custody, existence, and/or control of the responsive documents in your response.

D.      This Request for Production of Documents does not apply to, nor does it purport to seek the production of, attorney-client privileged or work product protected documents.

E.    You are under a continuous obligation to supplement your production of documents in response to this request for production.

F.    If any document requested here was previously in your possession, custody, or control but is no longer, state the following for each document in your response to this First Request for Production:

    1.    the type of document (i.e., correspondence, memorandum, telex, etc.);

    2.    the date of the document;

    3.    any person(s) who signed the document;

    4.    any person(s) who received the document or a copy of it;

    5.    any person(s) who is presently in possession of the document;

    6.    the substance of the document; and

    7.    the disposition of the document, including the date of disposition.

G.    If you withhold production of a document requested here on the basis of a claim of privilege or otherwise, state the following for each document withheld in a privilege log:

    1.    the type of document (i.e., correspondence, memorandum, telex, etc.);

    2.    the date of the document;

    3.    the person(s) who signed the document;

    4.    the person(s) who received the document or a copy of it;

    5.    the reason for non-production; and

    6.    the substance of the document.

### III. RELEVANT TIME FRAME

This First Request for Production seeks all responsive documents created from July 1, 2000 to the present unless otherwise indicated.

## IV. DOCUMENTS REQUESTED

1.      All documents relating to Topp.

2.      All documents relating to the credit insurance contract issued to Topp, including, but not limited to, invoices, payments, electronic correspondence, written correspondence, endorsements, and notices of claim.

3.      All documents relating to the processing and handling of claims by NCM, including, but not limited to, documents reflecting policies and procedures, documents reflecting standards for investigation, internal memoranda, manuals, written correspondence, and electronic correspondence.

4.      All documents relating to the training of NCM claims adjusters and personnel, including, but not limited to, documents reflecting policies and procedures, documents reflecting standards of investigation, internal memoranda, manuals, written correspondence, electronic correspondence, videotapes, and seminar materials.

5.      The claims file for Topp.

6.      The underwriting file for Topp.

7.      All documents relating to the investigation of Topp's claims.

8.      All documents relating to any civil, regulatory or criminal action filed or taken against NCM in connection with its sale of credit insurance policies.

9.      All documents relating to any lawsuits or arbitration actions filed against NCM arising out of its sale of credit insurance policies.

10.     All documents relating to any lawsuits or arbitration actions filed against NCM arising out of its processing of claims on credit insurance policies.

11.   All documents relating to any lawsuits or arbitration actions filed against NCM arising out of its refusal to pay claims on credit insurance policies.

Respectfully submitted,
SULLIVAN RIVERO & CHASE, P.A.
Attorneys for Topp, Inc.
Miami Center, Suite 1450
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-7781
Facsimile: (305) 371-6983

By: _____
ANDRES RIVERO
Florida Bar No. 613819
CHERYL L. POTTER
Florida Bar No. 0177880

## CERTIFICATE OF SERVICE

I CERTIFY that a duplicate of this Request for Production was served by facsimile and U.S. Mail on January 22, 2003 upon:

James M. Kaplan, Esq.
H. Steve Vogel, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKERSON
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Fax: 305-579-0261

Cheryl L. Potter

1002.19 Pleadings\Req. 4 Prod. 2 NCM

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 02-22777-CIV-HUCK/BROWN

TOPP, INC., a Florida corporation,

     Plaintiff,

vs.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY,  a foreign
corporation and NCM AMERICAS, INC.,
a foreign corporation,

     Defendants.

_____/

## DEFENDANTS NORTH AMERICAN CAPACITY INSURANCE COMPANY AND NCM AMERICAS, INC.'S RESPONSES TO TOPP, INC'S, FIRST REQUEST TO PRODUCE

Defendants, NORTH AMERICAN CAPACITY INSURANCE COMPANY AND NCM

AMERICAS, INC., by and through the undersigned counsel, and pursuant to the Federal Rules

of Civil Procedure, hereby serve their Responses to Plaintiff, TOPP INC.'s, First Request to

Produce.

     1.     Objection; overbroad, vague and unduly burdensome.

     2.     Attached.

     3.     Objection; overbroad, vague, ambiguous, and not reasonably calculated to lead to

the discovery of admissible evidence.

     4.     Objection; overbroad, vague, ambiguous, and not reasonably calculated to lead to

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

127773.1

the discovery of admissible evidence.

5.      Attached.

6.      Attached.

7.      Objection; vague, ambiguous, overbroad, duplicative of other requests and seeks Information protected by the work product and attorney-client privilege.

8.      Objection; overbroad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  May require disclosure of work product or attorney client privileged materials.  A list of privileged documents will be produced at such time as the proper parameters of the request are agreed or ordered.

9.      Objection; overbroad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  May require disclosure of work product or attorney client privileged materials.  A list of privileged documents will be produced at such time as the proper parameters of the request are agreed or ordered.

10.     Objection; overbroad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  May require disclosure of work product or attorney client privileged materials.  A list of privileged documents will be produced at such time as the proper parameters of the request are agreed or ordered.

11.     Objection; overbroad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  May require disclosure of work product or attorney client privileged materials.  A list of privileged documents will be produced at such time as the proper parameters of the request are agreed or ordered.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

Case      02-22777-CIV-HUCK/BROWN

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by U.S. Mail this 21ˢᵗ day of February, 2003 to: **ANDRÉS RIVERO, ESQ. and CHERYL L. POTTER, ESQ.**, Sullivan, Rivero & Chase, P.A., Attorneys for Plaintiff, 1450 Miami Center, 201 S. Biscayne Boulevard, Miami, Florida 33131.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Tel:    305.374.4400
Fax:   305.579.0261

By: _____
       JAMES M. KAPLAN
       Florida Bar No. 921040
       H. STEVEN VOGEL
       Florida Bar No. 432784

- 3 -

127773.1

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.  02-22777-CIV-HUCK/TURNOFF

TOPP, INC., a Florida corporation

v.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY, a foreign
Corporation and NCM AMERICAS,
INC., a foreign corporation,

      defendants.
_____/

## TOPP INC.'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT NORTH AMERICAN CAPACITY INSURANCE COMPANY

Topp, Inc. ("Topp"), pursuant to Federal Rule of Civil procedure 33, propounds its First

Set of Interrogatories on defendant North American Capacity Insurance Company ("North

American") and requests that each interrogatory here be answered under oath and served on the

undersigned counsel on or before 30 days from the date of service of this request.

## I.     DEFINITIONS

A.     The words "defendant", "you", "your", "yours", and/or "yourselves", shall mean

the defendant, North American Capacity Insurance Company, or any of its officers, agents,

employees, or representatives, including, but not limited to, any attorney, accountant,

contractors, affiliates, consultants and subsidiary corporations, and any person or entity acting or

purporting to act on its behalf.

B.     "Topp" shall mean Topp, Inc., its officers, directors, agents, representatives and

employees.

C.     "Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon the relationship with other events).

D.     The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of kind, photographs, graphs, microfilms, videotapes, tape recordings, or motion pictures or other films.

E.     "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, another.

F.     "Person" shall mean an individual, corporation, proprietorship, partnership, trust, association, or any other entity.

G.      The words "relate to" shall mean: refers to, pertains to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

H.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation".

I.      The terms "third party" and "third parties" refer to individuals and/or entities that are not parties to this proceeding.

## II.      INSTRUCTIONS

A.      You are under an obligation to supplement your answers to these interrogatories by disclosing any additional facts subsequently learned by you that make the information provided either inaccurate or incomplete.

B.      Whenever you are asked to provide the names, last known address, and telephone numbers of persons, please list the current business address and telephone number if available.

C.      If, after exercising due diligence to secure the information, you are unable to answer the questions in full, answer as completely as possible and then explain the reason you are unable to answer more fully, and identify any person or persons able to supply the information.

D.      If any requested information is claimed to be privileged or immune from discovery, please list the following for each item claimed to be privileged:

1.      a brief description of the nature and contents of the matter claimed to be privileged or immune;

2.      the name, occupation and capacity of the individual from whom

3

the privilege or immune matter originated;

3.      the name, occupation and capacity of the individual to

whom the allegedly privileged or immune matter was directed;

4.      the date the item bears; and

5.      the privilege or immunity claimed.

### III.      RELEVANT TIME FRAME

These interrogatories shall include and encompass all information available from July 1,

2000 to the present unless otherwise indicated.

## IV.  INTERROGATORIES

1.    Identify yourself by stating your name, employer and current position.

2.    State the name and address of each person who has assisted you in completing these interrogatories, and identify that person's job title and the name and address of that person's employer.

3.    Identify the claims personnel responsible for the processing and handling of claims described in Topp's complaint, including, but not limited to, claims adjusters and claims supervisors.

4.    Describe all instructions provided to claims personnel by North American with regard to the handling and processing of Topp's claims.

5.   Describe all policies, procedures, guidelines, and rules regarding the processing and handling of claims.

6.   Describe what steps, if any, North American took to confirm that the processing and handling of Topp's claims were in compliance with the policies, procedures, guidelines, and rules described in your response to interrogatory no. 5 above.

7.   State the approximate date on which North American, or anyone acting on its behalf, or under its supervision or direction, began selling credit insurance policies.

8.   Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter in this action.

9.      Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 8 may have.

10.     Please provide the name of each person whom you may use as an expert witness at trial.

11.     Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

12.     Please state each item of damage that you claim, whether as an affirmative claim or setoff, and include in your answer:  the count or defense to which the item of damage relates; the category into which each item of damage falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

13.     Please identify each document pertaining to each item of damages stated in your response to interrogatory no. 12 above.

14.     Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action.

15.     Please identify each lawsuit against you relating to your failure or refusal to pay claims on credit insurance policies.

16.     Please identify each complaint, protest or demand against you relating to your failure or refusal to pay claims on credit insurance policies.

By:  _____

Name:

STATE OF FLORIDA     )

                )SS

COUNTY OF MIAMI-DADE   )

   Sworn to and subscribed to me this __ day of _____, 2003 by _____, personally appeared before me, he/she/they is/are personally known to me or produced _____ as identification, and [did] [did not] take an oath.

           _____

           NOTARY PUBLIC STATE OF FLORIDA

           Print Name:_____

Respectfully submitted,
SULLIVAN RIVERO & CHASE, P.A.
Attorneys for Topp, Inc.
Miami Center, Suite 1450
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-7781
Facsimile:  (305) 371-6983


By: _____
ANDRES RIVERO
Florida Bar No. 613819
CHERYL L. POTTER
Florida Bar No. 0177880

## CERTIFICATE OF SERVICE

I CERTIFY that a duplicate of these Interrogatories was served by facsimile and U.S. Mail on January _22_, 2003 upon:

James M. Kaplan, Esq.
H. Steve Vogel, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKERSON
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Fax: 305-579-0261

_____
Cheryl L. Potter

1002.19 Pleadings\Int. 2 N. American

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO.  02-22777-CIV-HUCK/TURNOFF

TOPP, INC., a Florida corporation

v.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY, a foreign
Corporation and NCM AMERICAS,
INC., a foreign corporation,

      defendants.

_____/

## TOPP INC.'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT NCM AMERICAS, INC.

      Topp, Inc. ("Topp"), pursuant to Federal Rule of Civil Procedure 33, propounds its First Set of Interrogatories on defendant NCM Americas, Inc. ("NCM") and requests that each interrogatory here be answered under oath and served on the undersigned counsel on or before 30 days from the date of service of this request.

## I.    DEFINITIONS

      A.    The words "defendant", "you", "your", "yours", and/or "yourselves", shall mean the defendant, NCM Americas, Inc., or any of its officers, agents, employees, or representatives, including, but not limited to, any attorney, accountant, contractors, affiliates, consultants and subsidiary corporations, and any person or entity acting or purporting to act on its behalf.

      B.    "Topp" shall mean Topp, Inc., its officers, directors, agents, representatives and employees.

1-22.

C.     "Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon the relationship with other events).

D.     The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of kind, photographs, graphs, microfilms, videotapes, tape recordings, or motion pictures or other films.

E.     "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, another.

F.     "Person" shall mean an individual, corporation, proprietorship, partnership, trust, association, or any other entity.

G.      The words "relate to" shall mean: refers to, pertains to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

H.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation".

I.      The terms "third party" and "third parties" refer to individuals and/or entities that are not parties to this proceeding.

## II.      INSTRUCTIONS

A.      You are under an obligation to supplement your answers to these interrogatories by disclosing any additional facts subsequently learned by you that make the information provided either inaccurate or incomplete.

B.      Whenever you are asked to provide the names, last known address, and telephone numbers of persons, please list the current business address and telephone number if available.

C.      If, after exercising due diligence to secure the information, you are unable to answer the questions in full, answer as completely as possible and then explain the reason you are unable to answer more fully, and identify any person or persons able to supply the information.

D.      If any requested information is claimed to be privileged or immune from discovery, please list the following for each item claimed to be privileged:

1.      a brief description of the nature and contents of the matter
        claimed to be privileged or immune;

2.      the name, occupation and capacity of the individual from whom

3

the privilege or immune matter originated;

3.   the name, occupation and capacity of the individual to
     whom the allegedly privileged or immune matter was directed;

4.   the date the item bears; and

5.   the privilege or immunity claimed.

### III.   RELEVANT TIME FRAME

These interrogatories shall include and encompass all information available from July 1, 2000 to the present unless otherwise indicated.

## IV.  INTERROGATORIES

1.    Identify yourself by stating your name, employer and current position.

2.    State the name and address of each person who has assisted you in completing these interrogatories, and identify that person's job title and the name and address of that person's employer.

3.    Identify the claims personnel responsible for the processing and handling of claims described in Topp's complaint, including, but not limited to, claims adjusters and claims supervisors.

4.    Describe all instructions provided to claims personnel by NCM with regard to the handling and processing of Topp's claims.

5.  Describe all policies, procedures, guidelines, and rules regarding the processing and handling of claims.

6.  Describe what steps, if any, NCM took to confirm that the processing and handling of Topp's claims were in compliance with the policies, procedures, guidelines, and rules described in your response to interrogatory no. 5 above.

7.    State the approximate date on which NCM, or anyone acting on its behalf, or under its supervision or direction, began selling credit insurance policies.

8.    Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter in this action.

9.      Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 8 may have.

10.     Please provide the name of each person whom you may use as an expert witness at trial.

11.    Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

12.    Please state each item of damage that you claim, whether as an affirmative claim or setoff, and include in your answer: the count or defense to which the item of damage relates; the category into which each item of damage falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

13.   Please identify each document pertaining to each item of damages stated in your response to interrogatory no. 12 above.

14.   Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action.

15.     Please identify each lawsuit against you relating to your failure or refusal to pay claims on credit insurance policies.

16.     Please identify each complaint, protest or demand against you relating to your failure or refusal to pay claims on credit insurance policies.

By:_____
Name:

STATE OF FLORIDA    )
           )SS
COUNTY OF MIAMI-DADE  )

   Sworn to and subscribed to me this __ day of _____, 2003 by _____, personally appeared before me, he/she/they is/are personally known to me or produced _____ as identification, and [did] [did not] take an oath.

_____
NOTARY PUBLIC STATE OF FLORIDA

Print Name:_____

13

Respectfully submitted,
SULLIVAN RIVERO & CHASE, P.A.
Attorneys for Topp, Inc.
Miami Center, Suite 1450
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-7781
Facsimile:  (305) 371-6983


By: _____
ANDRES RIVERO
Florida Bar No. 613819
CHERYL L. POTTER
Florida Bar No. 0177880

## CERTIFICATE OF SERVICE

I CERTIFY that a duplicate of these Interrogatories was served by facsimile and U.S. Mail on January 22 , 2003 upon:

James M. Kaplan, Esq.
H. Steve Vogel, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKERSON
3800 Bank of America Tower
100 SE Second Street
Miami, Florida 33131
Fax: 305-579-0261

_____
Cheryl L. Potter

1002.19 Pleadings\Int. 2 NCM

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 02-22777-CIV-HUCK/BROWN

TOPP, INC., a Florida corporation,

     Plaintiff,

vs.

NORTH AMERICAN CAPACITY
INSURANCE COMPANY, a foreign
corporation and NCM AMERICAS, INC.,
a foreign corporation,

     Defendants.

_____/

## NOTICE OF SERVICE OF DEFENDANTS NORTH AMERICAN CAPACITY INSURANCE COMPANY AND NCM AMERICAS, INC.'S UNVERIFIED RESPONSES TO TOPP, INC'S, FIRST SET OF INTERROGATORIES

Defendants, NORTH AMERICAN CAPACITY INSURANCE COMPANY AND NCM

AMERICAS, INC., by and through undersigned counsel, and pursuant to the Federal Rules of

Civil Procedure, hereby serve their Responses to Plaintiff, TOPP INC.'s, First Set of

Interrogatories.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by U.S.

Mail this 21ˢᵗ day of February, 2003 to: **ANDRÉS RIVERO, ESQ. and CHERYL L.**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

127754.1

**POTTER, ESQ.**, Sullivan, Rivero & Chase, P.A., Attorneys for Plaintiff, 1450 Miami Center,

201 S. Biscayne Boulevard, Miami, Florida 33131.

> **WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP**
> Attorneys for Defendants
> 3800 Bank of America Tower
> 100 S.E. Second Street
> Miami, Florida 33131
> Tel:    305.374.4400
> Fax:    305.579.0261

> By: _____
>       JAMES M. KAPLAN
>       Florida Bar No. 921040
>       H. STEVEN VOGEL
>       Florida Bar No. 432784

## DEFENDANTS' ANSWERS TO INTERROGATORIES

1.    Identify yourself by stating your name, employer and current position.

> Mark Felmar, Gerling NCM Credit Insurance, Inc, Vice President Claims
> Recovery.

2.    State the name and address of each person who has assisted you in completing these

interrogatories, and identify that person's job title and the name and address of that person's

employer.

> Donna Messick, Assistant Vice President, Gerling NCM Credit Insurance, Inc.

- 2 -

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

127754.1

3.     Identify the claims personnel responsible for the processing and handling of claims described in Topp's complaint, including, but not limited to, claims adjusters and claims supervisors.

> Donna Messick and Mark Felmar

4.     Describe all instructions provided to claims personnel by NCM with regard to the handling and processing of Topp's claims.

> Objection; overbroad, vague and ambiguous.

5.     Describe all policies, procedures, guidelines, and rules regarding the processing and handling of claims.

> Objection; vague, overbroad and ambiguous.

6.     Describe what steps, if any, NCM took to confirm that the processing and handling of Topp's claims were in compliance with the policies, procedures, guidelines, and rules described in your response to interrogatory no. 5 above.

> Objection; overbroad, vague and ambiguous.

7.     State the approximate date on which NCM, or anyone acting on its behalf, or under its supervision or direction, began selling credit insurance policies.

> 1993.

8.     Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter in this action.

- 3 -

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

127754.1

Objection; vague and ambiguous. Without waiving any objection to this question, Donna Messick and Mark Felmar generally are knowledgeable about the claims that are the subject of this action.

9.    Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 8 may have.

Objection; vague, ambiguous and requests information protected by the work product doctrine.

10.   Please provide the name of each person whom you may use as an expert witness at trial.

None.

11.   Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

None.

12.   Please state each item of damage that you claim, whether as an affirmative claim or setoff, and include in your answer: the count or defense to which the item of damage relates; the category into which each item of damage falls; i.e. general damages, special or consequential damages (such as lost profit), interest and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

Objection; not applicable—Defendants seek no damages.

13.   Please identify each document pertaining to each of the damages stated in your response to interrogatory no. 12 above.

Objection; not applicable.

- 4 -

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

14.     Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action.

> Objection; vague, ambiguous, overbroad, harrassing, unduly burdensome and seeks information protected by the work product privilege.

15.     Please identify each lawsuit against you relating to your failure or refusal to pay claims on credit insurance policies.

> Objection; overbroad, unduly burdensome, unlimited in temporal scope and not reasonably calculated to lead to the discovery of admissible evidence.  May require disclosure of work product or attorney client privileged materials. Because of the overbreadth of the request, a privileged log cannot be prepared at this time but a list of privileged documents will be produced at such time as the proper parameters of the request are agreed or ordered.

16.     Please identify each complaint, protest or demand against you relating to your failure or refusal to pay claims on credit insurance policies.

> Objection; overbroad, unduly burdensome, unlimited in temporal scope and not reasonably calculated to lead to the discovery of admissible evidence.  May require disclosure of work product or attorney client privileged materials. Because of the overbreadth of the request, a privileged log cannot be prepared at this time but a list of privileged documents will be produced at such time as the proper parameters of the request are agreed or ordered.

- 5 -

BY:_____

STATE OF                    )
                            ) SS.
COUNTY OF                   )

     BEFORE   ME,   the   undersigned   authority,   this   day   personally   appeared

_____, who being by me first duly sworn, on oath, deposes and says

that _____ has read the foregoing Responses to Interrogatories and that the facts contained

therein are true and correct to the best of _____ knowledge and belief.

     SWORN and SUBSCRIBED before me this _____ day of _____,

2003.

_____
NOTARY PUBLIC

My commission expires:

- 6 -

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261